IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ASHLEY BITSILLY, by and through her mother
and sole guardian, TRACEY DENET-YAZZIE;
SCHECASULYN TSOSIE, by and through her
mother and sole guardian, LINDA ETSITTY;
LARRY BARNELL, by and through his mother
and sole guardian, LORETTA YAZZIE;
GABRIELLA YAZZIE, by and through her sole
guardian, AIDA YAZZIE; LYLE BEN, by and
through his parents and guardians, HERMAN and
LOUISE BEN,

    Plaintiffs,

vs.                No. Civ. 99-1390 LH/RLP

BUREAU OF INDIAN AFFAIRS;
NEAL A. MCCALEB, in his official capacity as
Assistant Secretary of the Bureau of Indian Affairs[1];
UNITED STATES DEPARTMENT OF THE
INTERIOR; GALE NORTON, in her official
capacity as Secretary of the United States
Department of the Interior,

    Defendants.

## MEMORANDUM ORDER AND OPINION

  THIS MATTER is before the Court on (1) Plaintiffs' Motion to Strike "Defendants'

Supplemental Brief on Redressability," or in the Alternative, for an Order Allowing Plaintiffs to

Respond to that Brief, filed August 1, 2001 [Doc. No. 69]; (2) Plaintiffs' Motion Requesting

Scheduling Conference and Scheduling Order, filed August 17, 2001 [Doc. No. 73]; (3)

---

[1] On July 4, 2001, Neal A. McCaleb was sworn in as Assistant Secretary for Indian Affairs, replacing Acting Assistant Secretary James H. McDivitt. Therefore, pursuant to Fed. R. Civ. P. 25(d)(1), the caption in this case has been amended by the Court.

Defendants' Motion to Stay Discovery, filed August 20, 2001 [Doc. No. 76]; (4) Defendants' Motion for Summary Judgment on the Claims of Plaintiff Larry Barnell, filed August 29, 2001 [Doc. No. 81]; and (5) Plaintiffs' Motion for Leave to File a Surreply to Defendants' Reply in Support of Defendants' Motion for Summary Judgment on Claims of Larry Barnell, filed October 29, 2001 [Doc. No. 98]. The Court, having considered the motions, memoranda, pleadings, and admissible evidence submitted by the parties, and the applicable law, concludes that Defendants' summary judgment motion should be denied and that Plaintiffs' motion to strike, or in the alternative, for leave to respond, should be granted. The Court's ruling on Defendants' summary judgment motion will render moot Plaintiffs' motion for leave to file a surreply. The Court further concludes that Defendants' motion to stay discovery should be denied and Plaintiff's motion for a scheduling conference and order should be granted. Finally, the Court's rulings in this opinion renders moot Defendants' request for oral argument.

**I.      SUMMARY JUDGMENT MOTION**

A motion for summary judgment should be granted only when there is no genuine issue of material fact and, as a matter of law, the moving party is entitled to judgment. Fed. R. Civ. P. 56(c). If a court finds that there are genuine and material factual issues, these issues should be resolved by the fact finder, and summary judgment is precluded. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). A court must construe the facts in the light most favorable to the non-movant. Magnum Foods, Inc. v. Continental Casualty Co., 36 F.3d 1491, 1497 (10th Cir. 1994). All doubts must be resolved in favor of the existence of triable issues. Seamons v. Snow, 206 F.3d 1021, 1026 (10th Cir. 2000); World of Sleep, Inc. v. La-Z-Boy Chair Co., 756

F.2d 1467, 1474 (10th Cir. 1985). The moving party bears the initial burden of showing the absence of a genuine issue of material fact, i.e., "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The burden then shifts to the non-movant to come forward with evidence showing that there is a genuine issue of material fact under Rule 56(e) or to explain why he or she cannot do so under Rule 56(f). United States v. Simons, 129 F.3d 1386, 1388 (10th Cir. 1997).

Defendants raise two arguments in their summary judgment motion. First, Defendants contend that administrative remedies existed at Hopi Junior/Senior High School (Hopi) and Plaintiff Larry Barnell failed to exhaust those remedies. As evidence of these administrative remedies, Defendants attach to their supporting brief an August 1999 Statement of Assurances from Hopi to the Director of the BIA's Office of Indian Education Programs and a Special Education Rights of Parents and Children manual, with a cover artwork copyright date of 2000.[2] Defendants' second argument is that when Larry Barnell's guardians withdrew Larry from Hopi in October 1999, they did so voluntarily and consequently, as a matter of law, neither Larry nor his guardians were entitled to notice of their procedural rights under the IDEA. Defendants fail to carry their summary judgment burden.

Turning to Defendants' first argument, the student/parent manual, which appears to have been prepared in 2000, provides insufficient evidence that such a manual existed or was promulgated in 1999 during the time Larry Barnell attended Hopi. The Statement of Assurances, signed by the Hopi School Board president on August 24, 1999, while supporting Defendants'

---

[2] It is unclear why Defendants failed to present these two exhibits in their March 2000 motion to dismiss with the other exhibits they attached.

argument that administrative remedies existed during the time Larry Barnell attended Hopi, fails to sufficiently demonstrate that students such as Larry Barnell (or parents or guardians of students) had notice of the existence of such remedies. Unlike the record regarding the BIA Operated School Plaintiffs discussed in the Court's June 22, 2001, Memorandum Opinion and Order, there is insufficient evidence on the record that Hopi's alleged administrative remedies were promulgated, such that Larry Barnell or his guardians and mother were aware of the remedies.[3]

Regarding their second argument, Defendants contend that a school's obligation under 20 U.S.C. § 1415(d)(1) of the IDEA to provide notice of procedural safeguards are triggered only when the school has formally initiated disciplinary procedures that will change a child's educational placement. Defendants argue that Larry Barnell's guardians voluntarily withdrew Larry from Hopi and that a voluntary withdrawal is not an event triggering a school's notice obligation under the IDEA. Furthermore, Defendants contend that even if Larry was withdrawn in the face of threatened expulsion or long-term suspension, such disciplinary action was only contemplated by Hopi and, therefore, was an insufficient trigger under 20 U.S.C. § 1415(k).

Defendants fail to demonstrate a lack of genuine issue of material fact on the issue of the circumstances of Larry Barnell's withdrawal from Hopi. Although Defendants argue that Larry's withdrawal from Hopi was "voluntary," the context of Larry's withdrawal from Hopi is contested and there is inadequate evidence supporting Defendants' position.

Defendants additionally have failed to establish as a matter of law that a threat of

---

[3] Plaintiffs dispute the sufficiency of Defendants' two exhibits under Federal Rule of Civil Procedure 56(c). The Court need not reach the issue, however, because even assuming the propriety of the exhibits under Rule 56(c), they are insufficient to meet Defendants' summary judgment burden.

4

expulsion or long-term suspension is not an event requiring some notice of the IDEA's procedural safeguards. The basis of Defendants' argument is not that expulsion or long-term suspension under the facts of this case would not constitute a change of educational placement requiring procedural notice, but that the <u>threat</u> of such a change in placement is not enough. Rather, Defendants contend a decision by the school to make a placement change must have been made.[4]

The IDEA provides that "[i]f a disciplinary action is contemplated[,] . . .(i) not later than the date on which the decision to take that action is made, the parents shall be notified of that decision and of all procedural safeguards accorded under this section." 20 U.S.C. § 1415(k)(4)(A); <u>see</u> 34 C.F.R. § 300.523(a). Contrary to Defendants' argument, the language "not later than" presupposes that parents or guardians may be notified of disciplinary action and of the IDEA's procedural safeguards when the disciplinary action is at the contemplated-stage. The language also presupposes that the date on which the disciplinary decision is made is the last date a school may notify parents – not the first date or even the preferable date under the circumstances. Arguably, a school should notify parents at the first reasonable opportunity and not delay until the last statutorily-allowed notification opportunity. The October 1999 meeting between Larry Barnell's guardians and Hopi officials appears to have been a circumstance when Hopi reasonably should have informed Larry's guardians not only of the contemplated disciplinary action, but of the procedural safeguards available to them under the IDEA.

However, even assuming that Hopi has discretion under 20 U.S.C. § 1415(k)(4)(A) and

---

[4] The Court notes that, in contradiction of Defendants' interpretation of their notice obligations under the IDEA, the Statement of Assurances submitted by Defendants provides that "<u>procedural safeguards are sent</u> to the parents . . . when the LEA [i.e., Hopi] <u>proposes</u> . . . to . . . change [the child's] educational placement." Defs.' Summ. J. Mot., Ex. A at unnumbered page 3, ¶8 (emphases added).

5

34 C.F.R. § 300.523(a) to decide when in the disciplinary decision-making process it will provide parents or guardians with a description of the IDEA's procedural safeguards, Hopi still was obligated to inform Larry Barnell's guardians or mother of the <u>existence</u> of such procedural safeguards. The IDEA provides that written prior notice must be provided to a child's parents or guardians whenever the child's school "proposes to . . . change" the child's educational placement. 20 U.S.C. § 1415(b)(3); <u>see</u> 34 C.F.R. § 300.503(a)(1)(i) (written prior notice must be provided a reasonable time before school proposes placement change). The written prior notice must include not only a description of and explanation for the action proposed, a description of other options the school considered and the reasons why those options were rejected, a description of records or reports and any other relevant factors the school used as a basis for its proposed action, and sources for the parents or guardians to contact to obtain assistance, but also a statement that the parents or guardians have protection under § 1415's procedural safeguards and the means by which a copy of the procedural safeguards can be obtained. 20 U.S.C. § 1415(c); <u>see</u> 34 C.F.R. § 300.503(b). Defendants have pointed to no evidence in the record that Hopi provided Larry Barnell's mother or guardians with written prior notice regarding its proposed disciplinary action and the existence of procedural safeguards under the IDEA. Therefore, even assuming that at the October 1999 meeting Defendants were not obligated under the IDEA to inform Larry Barnell's guardians of their procedural rights under the § 1415(k)(4)(A) of the IDEA, they were obligated under § 1415(b) and (c) to inform them in writing at the meeting (if not before, <u>see</u> 34 C.F.R. § 300.503(a)(1)) that such procedural

safeguards existed and how a copy of the safeguards could be obtained.[5] Defendants have failed to carry their initial summary judgment burden. Therefore, their summary judgment motion will be denied.

## II. MOTION FOR LEAVE TO FILE SURREPLY

As discussed above, Defendants' summary judgment motion is not well taken. Therefore, Plaintiffs' motion for leave to file a surreply to Defendants' summary judgment motion, although not fully briefed, is moot.

## III. MOTION TO STRIKE OR FOR LEAVE TO FILE RESPONSE

Plaintiffs' motion to strike Defendants' supplemental brief or, in the alternative, for an order allowing Plaintiffs to file a response to Defendants' supplemental brief is well taken.[6] Defendants raised issues in their supplemental brief which were not within the scope of the brief requested by the Court. Furthermore, the issues Defendants raised clearly required a response by Plaintiffs – a response not permissible in the context of the supplemental briefing. The issues should have been raised in a separate motion.[7] In their eagerness to alert the Court of their

---

[5] Defendants also were obligated in this prior written notice to provide a detailed explanation of the basis for the proposed disciplinary action. It does not appear this requirement was complied with either.

[6] In their various motions, the parties contest the Court's purpose in requesting supplemental briefing. The Court's intention in requesting supplemental briefs was not to sua sponte raise the issue of redressability or to issue a ruling on redressability after the supplemental briefs were filed. Rather, based on a belief about the parties' subject-matter expertise or knowledge, the Court was seeking a more detailed explication or clarification of the scope of possible remedies than was presented in the original briefs. Notwithstanding this intention, insufficient facts and an incomplete record preclude the Court from making any ruling on redressability issues.

[7] The Court questions the relevancy of the APA arguments Defendants raise in their supplemental brief. The Court understands Plaintiffs' complaint as raising an APA claim only in the context of Defendants' interim guidelines. This claim was resolved in Defendants' favor in the Court's June 21, 2001, Memorandum Opinion and Order. Plaintiffs' remaining claims are understood by the Court to be brought under the IDEA, § 504 of the Rehabilitation Act of 1973, and the Due Process Clause of the Fifth

current subject matter jurisdiction arguments, Defendants failed to remember (or chose to ignore) the requirements of fairness and due process. Therefore, Plaintiffs will be granted leave to file a response to Defendants' supplemental brief. The Court recognizes that discovery may be necessary before Plaintiffs may file their response. Consequently, Plaintiffs may delay filing their response to Defendants' supplemental brief until after any required discovery is completed. Finally, in their response brief, Defendants requested oral argument on all motions and issues currently pending. Defendants' request is denied as moot.

## IV.  DISCOVERY AND SCHEDULING MOTIONS

Plaintiffs move for a scheduling conference and scheduling order and for an order requiring the parties to file a revised Provisional Discovery Plan and submit a revised Initial Pretrial Report before the scheduling conference. Defendants move the Court for an order continuing to stay discovery until after resolution of Defendants' pending summary judgment motion and the issues of redressability raised in the parties' supplemental briefing. In their response to Plaintiffs' motion and in their motion to stay discovery, Defendants argue that all of the elements that led the Court to grant Defendants' previous motion to stay discovery remain operative: threshold issues are pending, the threshold issues go to the Court's subject matter jurisdiction, it appears the Court intends to resolve threshold issues before moving to the merits, Plaintiffs have not established that they need discovery to resolve any of the threshold issues, and the BIA again is approaching "count week" for the 2001-2002 school year, making discovery at this time burdensome.

The Court concludes that Plaintiffs' motion is well taken and Defendants' motion not well

---

Amendment to the United States Constitution.

8

taken. No threshold issues exist which prohibit discovery or a scheduling order. Furthermore, discovery and a scheduling order will allow for the more efficient and just resolution of this action by, for example, deterring piecemeal motions and allowing access by both parties to information and evidence. The Court is confident that the parties can resolve any discovery burden raised by Defendants' "count week" obligations. Therefore, this case will proceed on standard track and the parties shall confer with the assigned Magistrate Judge regarding a scheduling conference, a scheduling order, and the need for a revised Provisional Discovery Plan or a revised Initial Pretrial Report.

**THEREFORE, IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 25(d)(1), Neal A. McCaleb is substituted in the caption for James H. McDivitt, as Assistant Secretary of the Bureau of Indian Affairs.

**IT IS FURTHER ORDERED** Plaintiffs' Motion to Strike "Defendants' Supplemental Brief on Redressability," or in the Alternative, for an Order Allowing Plaintiffs to Respond to that Brief, filed August 1, 2001 [Doc. No. 69], is GRANTED. Plaintiffs are granted leave to file a response to Defendants' supplemental brief after any necessary discovery is completed. Defendants request in their response brief for oral argument on all motions and issues currently pending is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion Requesting Scheduling Conference and Scheduling Order, filed August 17, 2001 [Doc. No. 73], is GRANTED. The parties are to

9

confer with the assigned Magistrate Judge regarding a scheduling conference, a scheduling order, and the need for a revised Provisional Discovery Plan or a revised Initial Pretrial Report. The action is to proceed on standard track.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery, filed August 20, 2001 [Doc. No. 76], is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment on the Claims of Plaintiff Larry Barnell, filed August 29, 2001 [Doc. No. 81], is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File a Surreply to Defendants' Reply in Support of Defendants' Motion for Summary Judgment on Claims of Larry Barnell, filed October 29, 2001 [Doc. No. 98], is DENIED AS MOOT.

_____
**UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs: Therese E. Yanan, DNA-PEOPLE'S LEGAL SERVICES, INC., Shiprock, New Mexico, and Debra D. Poulin, Santa Fe, New Mexico

Counsel for Defendants: Raymond Hamilton, U.S. ATTORNEY'S OFFICE, Albuquerque, New Mexico; Thomas W. Millet and Peter Robbins, U.S. DEPARTMENT OF JUSTICE, Washington D.C.