IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ASHLEY BITSILLY, by and through her
mother and sole guardian, TRACY DENET-
YAZZI; LARRY BARNELL, by and
through his mother and sole guardian,
LORETTA YAZZIE;

       Plaintiffs,

       vs.                                      No. CIV 99-1390 LH/RLP-ACE

BUREAU OF INDIAN AFFAIRS; JAMES
H. McDIVVITT, in his official capacity as
Assistant Secretary of the Bureau of Indian
Affairs; UNITED STATES DEPARTMENT
OF THE INTERIOR; GALE NORTON, in
her official capacity as Secretary of the
United States Department of the Interior;

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion for Attorneys' Fees (Docket No. 147). The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that the motion is **not well taken** and should be **denied**.

The parties settled this suit filed under the Individuals with Disabilities Education Act, 20 U.S.C. § 1401, *et seq.* [hereinafter IDEA], on November 14, 2003. The Plaintiffs subsequently moved for attorney's fees, claiming that they had prevailed in the suit.

"In the United States, parties are ordinarily required to bear their own attorney's fees--the prevailing party is not entitled to collect from the loser. Under this 'American Rule,' we follow a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (internal quotation marks and citation omitted). The IDEA includes such authority. "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). A party must therefore establish that it has actually prevailed in an IDEA lawsuit as a necessary prerequisite to recovering attorney's fees.

In *Buchhannon*, the Supreme Court rejected the so-called "catalyst theory" of the term "prevailing party," which had been developed by the Courts of Appeals. *See, e.g.*, *Stanton v. S. Berkshire Reg'l School Dist.*, 197 F.3d 574, 577, n.2 (1st Cir. 1999); *Marbley v. Bane*, 57 F.3d 224, 234 (2d Cir. 1995); *Baumgartner v. Harrisburg Housing Auth.*, 21 F.3d 541, 546-550 (3d Cir. 1994); *Payne v. Bd. of Ed.*, 88 F.3d 392, 397 (6th Cir. 1996); *Zinn v. Shalala*, 35 F.3d 273, 276 (7th Cir. 1994); *Little Rock School Dist. v. Pulaski Cty. School Dist., # 1*, 17 F.3d 260, 263, n.2 (8th Cir. 1994); *Kilgour v. Pasadena*, 53 F.3d 1007, 1010 (9th Cir. 1995); *Beard v. Teska*, 31 F.3d 942, 951-952 (10th Cir. 1994); *Morris v. W. Palm Beach*, 194 F.3d 1203, 1207 (11th Cir. 1999).

According to the catalyst theory, a party was entitled to attorney's fees as the prevailing party if it achieved its desired result, even if that result was due to a voluntary change in the defendant's conduct. *Buckhannon Bd. & Care Home*, 532 U.S. at 601. Thus, a party who settled a lawsuit without obtaining a judgment could be considered the prevailing party and entitled to attorney's fees.

The Supreme Court instead held that to be considered the prevailing party entitled to

attorney's fees, a suit must result in a court's judgment in that party's favor or a settlement agreement enforced by a consent decree. *Id.* at 604. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties." *Id.* at 605.

The Tenth Circuit subsequently summarized *Buckhannon*. "The Supreme Court recently held that the catalyst theory cannot be invoked to support an award of attorney's fees under either the Fair Housing Amendments Act of 1988 ("FHAA") or the Americans with Disabilities Act of 1990 ("ADA"). The attorney fee provisions in both the FHAA and the ADA authorize the court to award fees to the 'prevailing party.' The Court held that the term 'prevailing party' is a legal term of art and does not 'include[] a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct.'" *Ctr. for Biological Diversity v. Norton*, 262 F.3d 1077, 1080 n.2 (10th Cir. 2001), *citing Buckhannon Bd. & Care Home*, 532 U.S. at 609.

The Plaintiffs argue that the attorney's fees issue was specifically excluded from the settlement agreement and reserved for this Court to decide. That is true, and of no benefit to the Plaintiffs. The Court has not held that the issue of attorney's fees was waived or mooted by the settlement agreement, and will decide it here on its merits. Merely reserving the issue for this Court to decide does not entitle the Plaintiffs to attorney's fees, however. As the Defendants correctly argue, the Plaintiffs could have negotiated for attorney's fees in the settlement agreement, but did not. While the Plaintiffs ably reserved the issue for this Court to decide, they lack the authority to

reserve an entitlement to attorney's fees. Likewise, this Court is without the authority to ignore controlling decisions of the Supreme Court.

The Plaintiffs' arguments that they are in fact the prevailing parties are similarly unavailing. This Court finding that the Plaintiffs had standing to pursue their claims did not, as the Plaintiffs claim, clarify the parties' legal relationship sufficiently to render that decision the impetus for the Defendants' participation in settlement negotiations. That decision was not a judgment on the merits of the suit, as *Buckhannon* requires for an award of attorney's fees. *Buckhannon Bd. & Care Home*, 532 U.S. at 605. While the Plaintiffs here may have been considered the prevailing parties under the catalyst theory, that is no longer the law. The Plaintiffs did not secure a judgment in their favor or a court-ordered consent decree enforcing the terms of the settlement agreement. They therefore cannot be considered the prevailing parties for the purposes of the IDEA. *Id.* This Court lacks the discretion under the statute to award attorney's fees to the Plaintiffs. Their motion must be denied.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion for Attorney's Fees is **denied**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**